# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HARLEY MARINE SERVICES, INC., et al.

    Plaintiffs,

v.                                              Case No. 10-C-751

MANITOWOC MARINE GROUP, LLC, et al.,

    Defendants.

## DECISION AND ORDER

Defendants Manitowoc Marine Group, LLC, d/b/a Bay Shipbuilding Co., Fincantieri Marine Group, LLC, and The Manitowoc Company, Inc., have filed a motion to dismiss four of the claims brought in the complaint filed by Plaintiffs Harley Marine Services, Inc., Harco Marine, L.L.C., and Olympic Tug & Barge, Inc. Defendants assert that three of the claims are facially inconsistent with the substance of the central claims, which allege breach of contract and warranty. The final claim, they assert, is not yet ripe. For the reasons given below, the motion will be granted in part and denied in part.

In brief, in this action Plaintiffs allege that they contracted with Manitowoc Marine for Manitowoc to build a barge capable of carrying 80,000 barrels. The barge (they allege) has failed to live up to the contracted standards, and they thus brought suit for breach of contract and breach of warranty. In addition, however, Plaintiffs also brought claims alleging breach of the duty of good faith, unjust enrichment, and promissory estoppel. But because Plaintiffs are suing on rights set forth in a contract with Manitowoc Marine and the breach of the implied duty of good faith merely restates the breach of contract claim, Defendants argue that these additional causes of action are

entirely superfluous. There is no reason, Defendants contend, to assert claims that either duplicate or are legally incompatible with the breach of contract claim. Plaintiffs concede that once the merits are reached, the alternative theories cannot succeed along with the contractual theories – they are mutually exclusive – but assert that they have a right at this stage of the proceedings to plead in the alternative.

In this dustup both sides have a point. Plaintiffs are correct that federal pleading standards allow for pleading in the alternative; that is, a party may plead claims which on their face might not be consistent. On the other hand, it is not unreasonable for Defendants to insist that claims having no basis in law be excised as early as possible so as to minimize unnecessary legal research and discovery. It is after all the purpose of the rules under which this procedural dispute arises "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

In support of their opposition to Defendants' motion, Plaintiffs cite *Diamond Center, Inc. v. Leslie's Jewelry Mfg. Corp.*, 562 F. Supp. 2d 1009 (W.D. Wis. 2008), in which Judge Crabb denied a similar motion:

> As plaintiff correctly points out, Fed. R. Civ. P. 8(e)(2) permits a party to plead alternative theories of relief under both legal and equitable grounds, even if the theories are inconsistent. *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). Under the doctrine of pleading in the alternative, "a party is allowed to plead breach of contract, or if the court finds no contract was formed, to plead for quasi-contractual relief in the alternative. Once a valid contract is found to exist, quasi-contractual relief is no longer available." *Id.* Plaintiff has done nothing more than plead alternative theories of relief by pleading its unjust enrichment and promissory estoppel claims along with a claim for breach of contract. Although plaintiff would not be able to recover under its quasi-contract claims if there was in fact a contract governing its relationship with defendant, it is free to plead such alternative theories at this stage of the litigation. Accordingly, plaintiff has pleaded its unjust enrichment and promissory estoppel claims as

2

alternative theories of recovery under Rule 8(e)(2). Those claims will not be dismissed at this stage of the litigation.

562 F. Supp. 2d at 1017. Plaintiffs argue the same reasoning applies here and also applies to their claim for breach of implied duty of good faith. While such a claim may be mutually exclusive of a breach of contract claim, *see Home Valu, Inc. v. Pep Boys,* 213 F.3d 960, 965-66 (7th Cir. 2000), the plaintiffs note that this is not always true. Thus, they contend that at this stage the claim should be allowed to proceed.

For their part, Defendants cite a line of cases that acknowledge the possibility of pleading in the alternative but stand for the principle that a single claim itself cannot be facially inconsistent. For example, when a claim acknowledges that a contract exists but nevertheless seeks equitable (i.e., non-contractual) relief, some courts have granted motions to dismiss on the basis that the claim is a dud on its face.

> As plaintiff correctly notes, federal rules allow a plaintiff to plead inconsistent claims in the alternative. *See* Fed. R. Civ. P. 8(e)(2) ("A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses."). Nonetheless, while plaintiff may plead breach of contract in one count and unjust enrichment and promissory estoppel in others, it may not include allegations of an express contract, which governs the relationship of the parties, in the counts for unjust enrichment and promissory estoppel.

*The Sharrow Group v. Zausa Development Corp.,* 2004 WL 2806193, *3 (N.D. Ill. 2004) (citing cases).

The mere fact that Plaintiffs did not limit the allegations referring to the express contract to the breach of contract claim is easily curable, however, and thus does not by itself seem a sound reason to dismiss the inconsistent claims for relief. The existence of the contract is no secret. It thus matters little whether Plaintiffs also acknowledge that contract's existence *within* the other

3

claims or not – the contract is still there, regardless.  Moreover, applying the distinction suggested above would simply result in a re-do.  The claims would be dismissed without prejudice (because dismissal would be based on a pleading technicality rather than the merits) and Plaintiffs would be allowed to re-plead the same claims as alternative claims so long as they left out the offending parts acknowledging that a contract exists.

A stronger rationale for granting such a motion is suggested in *American Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.*, 426 F. Supp. 2d 1356 (N.D. Ga. 2006).  There, as in this case, the plaintiff asserted claims for breach of contract, breach of implied duty of good faith, unjust enrichment, and promissory estoppel.  The defendant moved to dismiss the latter three claims, arguing that they were either included in or inconsistent with the contract the plaintiff claimed the defendant had breached.  Also as in this case, the plaintiff argued in response that Rule 8 of the Federal Rules of Civil Procedure expressly allows a party to plead alternative and inconsistent claims and theories of recovery.  The district court rejected the plaintiff's argument, noting that the complaint did not indicate that its claims were asserted as alternative theories of recovery.  More importantly, however, the court noted that even if the equitable claims for relief had been asserted in the alternative, the plaintiff had not alleged that the contracts attached to the complaint were invalid or potentially invalid, nor had the defendant challenged the existence or validity of the agreements.  426 F. Supp. 2d at 1371-72.  *See also Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F. Supp. 2d 829, 849 (S.D. Ind. 2005) ("Plaintiffs' unjust enrichment claim becomes superfluous when neither side disputes the existence of a valid contract, even if it is being alleged in the alternative. . . . . Plaintiffs went so far as to attach copies of the express contracts between

Decatur and NovaStar to their complaint, and NovaStar does not dispute the existence or validity of the contracts. Accordingly, Plaintiffs' unjust enrichment claim is inappropriate.").

In response to Defendants' motion, Plaintiffs here argue that they should be allowed to plead alternative claims because Defendants' answer has placed the existence of the contract in dispute. They note that in response to several allegations in the complaint, Defendants denied that the parties had entered into the alleged contract. But that is not the case. Indeed, Defendants in response to paragraph 9 of the complaint expressly "admitted that, in 2005, Harley Marine Service, Inc., and Bay Shipbuilding Co. negotiated an agreement to build the ship . . . ." (Partial Answer, ¶9.) In response to the paragraphs of the complaint where Plaintiffs attempted to characterize or quote the substance of the contract, Defendants asserted that "the document speaks for itself, and on this basis the allegations are denied." (*Id.*) Refusing to accede to an opposing party's interpretation of a written contract, however, is not the same as denying the contract's existence or validity. If there was any doubt about the position of Defendants with respect to the contract, it has now been dispelled by their even more emphatic insistence in their brief in support of their motion to dismiss that "this is a breach of contract case, nothing more or less." (Br. In Supp. of Mot. To Dismiss at 1.) It is therefore clear, at least at this point, that neither the existence or validity of the contract is in dispute.

Under these circumstances, I conclude that Defendants' motion to dismiss Plaintiffs' claims for promissory estoppel and unjust enrichment should be granted. In essence, I conclude that where a plaintiff asserts a breach of contract claim and fails to allege any facts from which it could at least be inferred that the contract on which that claim is based might be invalid, the plaintiff is precluded from pleading in the alternative claims that are legally incompatible with the contract claim. This

is but an application of the rule that "[a] plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits . . . ." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (quoting *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)). Here, for example, Plaintiffs do not contest Defendants' argument that their claims for equitable relief fail as a matter of law if the parties entered into a valid contract to govern their relationship. Their complaint alleges the existence of such a contract, and Defendants have not disputed either its existence or validity. Thus, based on their own pleadings, Plaintiffs' claims for equitable relief should be dismissed. And since Plaintiffs' claim for breach of the implied duty of good faith is essentially a repeat of the breach of contract claim, it too will be dismissed.

Granting Defendants' motion will not harm Plaintiffs since the dismissal will be without prejudice. If Defendants' position changes and they challenge the existence of the contract, or facts arise in discovery which call into question its validity, Plaintiffs will be free to amend their complaint and reassert these or other claims. Fed. R. Civ. P. 15(a)(2). On the other hand, by dismissing claims that have no legal viability at this point, both parties will be spared the time and expense of requesting and providing irrelevant and costly discovery, and the court will be spared the time and effort of refereeing the disputes that frequently arise over such matters. For it is the plaintiff's claims, as well as the defenses thereto, that determine the scope of discovery that is allowed. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). Claims for unjust enrichment and promissory estoppel, depending as they do on broad equitable considerations, open avenues of discovery far beyond what is needed to dispose of a breach of contract claim. Where, as here, it appears clear from the complaint that such claims have no basis in law, dismissal is not only

6

appropriate but also the surest path to "the just, speedy, and inexpensive determination" of the action that the Rules are intended to further. Fed. R. Civ. P. 1.

The Defendants have also moved to dismiss Plaintiff's claim against The Manitowoc Company (Manitowoc Marine Group's corporate parent) for its guaranty of the performance of Manitowoc Marine under the barge build contract. Defendants argue that the guaranty logically applies only if Manitowoc Marine is found to be in default under the build contract. That has not happened yet, Defendants note, and so it is premature to involve the Company in this dispute. There is, they contend, no case or controversy.

I am satisfied, however, that there is enough of a controversy to satisfy Article III. In short, it is not true that The Manitowoc Company's liability is only contingent on a finding of its subsidiary's liability in this action. Under the guaranty it signed, the Company agreed that Plaintiffs "may demand performance of the Builder Guaranteed Obligations by the Guarantor without first demanding performance from the Builder." (Dkt. # 13, Ex. 1 at 33.) This means that the Company has agreed to stand in the shoes of its subsidiary not just for *contingent* liability (e.g., if the subsidiary were found liable but could not pay) but as a primary obligation as well. When another entity has agreed to be jointly and severally liable for the work of another he cannot claim there is no controversy when he is sued to enforce that obligation. This is reflected in the next sentence of the guaranty, which provides that the Plaintiffs "may bring an action to enforce the Builder Guaranteed Obligations against the Builder, the Guarantor or both." (*Id.*) It is clear that the Company did not agree to step in only in the event its subsidiary could not perform – it agreed that it could be deemed primarily liable on the same basis as its subsidiary.

7

This case is thus unlike the declaratory judgment cases cited by Defendants. For example, in *Casual Dining Development, Inc. v. QFA Royalties, LLC,* the plaintiff sought a declaratory judgment on an indemnity agreement with the defendant. 2008 WL 4186692 (E. D. Wis. 2008). The plaintiff had been sued in two other lawsuits, but was not adjudged liable in either of them. Thus, the district court concluded that its claim for indemnification was not yet ripe. Although that case reflects a general principle of ripeness as it relates to indemnification agreements, it does not dictate the outcome here. *Casual Dining* was an action brought by the indemnitee against the indemnitor rather than by an injured party. As between the indemnitee and indemnitor, the case was indeed unripe because the indemnitor's obligation to pay had not yet been triggered. The indemnitee was essentially asking the judge to make a ruling about what its indemnification rights would be *if* it lost its lawsuits. But if the facts had been as they are here, the outcome would have been different. Here, Plaintiffs are allegedly injured parties who are suing not for indemnification but to enforce a specific guaranty that was made to them as a part of a commercial contract. Unlike *Casual Dining,* the triggering event is not a judgment of liability in this lawsuit, it is the very allegation of injury itself, as provided in the guaranty agreement. That agreement explicitly states that the buyer may seek redress from either the subsidiary or parent (or both). Such a clause would not make sense if Plaintiffs had to wait to obtain a judgment against the subsidiary. Defendants suggest that parties cannot contract their way into subject matter jurisdiction, but that is not exactly true. Any time parties from different states have a dispute above the jurisdictional threshold, their private agreement has created the relevant case or controversy that opens the federal courthouse door. It is no different here. Plaintiffs obtained a contractual right to require The Manitowoc

8

Company to perform any obligations of its subsidiary, and they have now brought this lawsuit to enforce that right. I conclude, therefore, that the dispute is ripe.

For these reasons, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to Counts Three, Four, and Five of the Complaint, and those Counts are dismissed without prejudice. The motion is denied as to Count Six.

**SO ORDERED** this   30th    day of December, 2010.

                                                      s/ William C. Griesbach
                                                     William C. Griesbach
                                                     United States District Judge